IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL JAMES FRANKS                                                                                PLAINTIFF

v.                                            Civil No. 2:24-cv-02115-TLB-MEF

SHERIFF DANIEL PERRY
(Crawford County, Arkansas);
CHIEF OF POLICE JOSH WINFORD;
DEPUTY ZAKARY KING;
OFFICER WILLIAMS[1]
(Dyer Police Department);
CORPORAL BRANDON CHANCEY
(Crawford County Sheriff's Department)                                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case. Also before the Court are Motions to Dismiss by Defendants Winford, Perry, Chancy and King. (ECF Nos. 18, 35, 40).

### I.   BACKGROUND

Plaintiff filed his Complaint on September 10, 2024.[2] (ECF No. 1). At the time Plaintiff filed his Complaint, he was incarcerated in the Crawford County Detention Center. (*Id*.). On October 10, 2024, the undersigned entered a Report and Recommendation pursuant to 28 U.S.C. § 1915A. (ECF No. 7). It was noted that Plaintiff raised two claims in his Complaint. For his

---

[1] To date, the Court has been unable to effect service upon Defendant Williams.
[2] The Complaint was mailed on September 6, 2024. (ECF No. 1 at 13).

1

first claim, Plaintiff alleges he was arrested without investigation and with the use of excessive force on May 20, 2021. (*Id*. at a 1-2). He also alleges that his elderly and infirm parents were assaulted and injured by Defendants during that same arrest. (*Id*.). For his second claim, Plaintiff alleges he was wrongfully imprisoned from May 20, 2021, through September 8, 2021. (*Id*.). Plaintiff states that after 111 days of wrongful confinement, the charges against him were dismissed and he was released.[3] Plaintiff alleges that any investigation into the matter would have dispelled any thought of arresting him, but the Defendants did not do so. (*Id*.). It was recommended that Plaintiff's first claim be dismissed because the claim was time-barred under the statute of limitations. (*Id*. at 3-4). This Report and Recommendation was adopted in its entirety by Order entered on October 29, 2024. (ECF No. 9).

On December 11, 2024, Defendant Winford submitted a Motion to Dismiss Based on Qualified Immunity and Violation of the Statute of Limitations. (ECF No. 18). Defendant Winford argues that Plaintiff's claim for wrongful imprisonment contains, "no factual allegations regarding Winford's conduct are present, much less any allegations of constitutional rights violations." (ECF No. 19 at 2). Defendant Winford's argument concerning the statute of limitations focuses on Plaintiff's arrest date. He argues that Plaintiff identifies Winford only as the arresting officer, and the arrest took place on May 20, 2021. (*Id*. at 1-3). Plaintiff submitted a Response to Defendant Winford's Motion on January 16, 2025. (ECF No. 25). In his Response, Plaintiff addresses his first claim, which was dismissed upon preservice screening. (*Id*. at 1). He then argues Defendant Winford arrested him on May 20, 2021, without any investigation, causing him to be wrongfully imprisoned. (*Id*. at 2-3). Plaintiff provides no further detail as to his

---

[3] The Court notes that Plaintiff was incarcerated at the time he filed his Complaint, and his address has remained the Crawford County Detention Center for the duration of this case.

2

wrongful imprisonment, instead focusing on the arrest alone. As noted in the Report and Recommendation, the Order dismissing Claim One, and Defendant Winford's Memorandum, Plaintiff's Complaint is time-barred.

On January 28, 2025, Defendant Perry submitted a Motion to Dismiss Case. (ECF No. 35). On February 13, 2025, Defendants Chancey and King submitted a Motion to Dismiss. (ECF No. 40). All three Defendants argue that Plaintiff's case should be dismissed because his claims are time-barred. (ECF Nos. 35, 40). They all further argue that Plaintiff's false imprisonment claim is barred by the *Heck* doctrine because "Plaintiff's 2021 convictions connected to his May 20, 2021 – September 8, 2021 incarceration have not been overturned or otherwise invalidated." (*Id.*).

On April 11, 2025, the undersigned entered two Orders directing Plaintiff to submit his Responses to the two Motions to Dismiss. (ECF Nos. 44, 45). The deadline for Plaintiff to submit his Responses was set for May 2, 2025. (*Id.*). Plaintiff was advised in both Orders that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." Neither Order was returned as undeliverable.

When Plaintiff failed to submit his Responses, the undersigned entered a Show Cause Order on May 23, 2025. (ECF No. 46). The deadline for Plaintiff to Respond was set for June 13, 2025. (*Id.*). Plaintiff was again advised that failure to respond by the deadline would result in the dismissal of his case. (*Id.*). The Order was not returned as undeliverable. To date, Plaintiff has failed to respond to any of the three Orders, and he has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE